UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BENITA JOHNSON**,

              Plaintiff,

-against-

**BRANCH BANKING & TRUST CO.**,

              Defendant.

**23-CV-1981 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff, proceeding *pro se,* brings this action invoking 42 U.S.C. § 1983, alleging that Defendant has violated her rights with respect to a foreclosure proceeding in the New York State Supreme Court, Orange County. She sues Branch Banking & Trust Company. Plaintiff also filed an unsigned order to show cause requesting preliminary injunctive relief. She asks the Court to "Vacate Void Judgment/& Sheriff Sale and grant order for Quiet Title." (ECF 3, at 11.)

    To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

    Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in her favor. Specifically, Plaintiff's claims – in which she asks this Court to review and vacate a judgment in a state court foreclosure proceeding – are likely barred by the *Rooker-Feldman* doctrine.[1] *See Worthy-Puqh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (plaintiff's quiet title claim properly dismissed because it "challenge[d] [the state court foreclosure] judgment and effectively request[ed] that the federal district court rule that the judgment was void"); *Gifford v. United N. Mortg. Bankers, Ltd.*, No. 18-CV-6324 (PAE) (HBP), 2019 WL 2912489, at *8 (S.D.N.Y. July 8, 2019) (fraud claims based on plaintiff's allegations that defendants presented the state court with allegedly "void" and "forged" documents barred by *Rooker-Feldman*) (citation omitted); *Pennicott v. JPMorgan Chase Bank. N.A.*, No. 16-CV-3044 (VB), 2018 WL 1891312 at *3 (S.D.N.Y. Apr. 18, 2018) ("*Rooker-Feldman* bars claims that ask a court to find a defendant lacked standing to pursue foreclosure in a prior state court action, because such claims require a court to sit in review of the state court judgment.").

Accordingly, Plaintiff's request for an order to show cause (ECF 2) is **DENIED**. The Court will fully address the merits of the complaint in due course.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 2) is **DENIED**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

---

[1] The *Rooker-Feldman* doctrine–created by two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)–precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   March 10, 2023.
        New York, New York

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**

3